DENNISON *against* COLLINS.

*Certiorari from a Justice's Court.*

ASSUMPSIT, by *Collins* against *Dennison.* The process was for $25 damages, under the "act for the recovery of debts to the value of twenty-five dollars." The declaration claimed damages to $27,10. Issue being joined, and a jury impannelled and sworn, the trial was, without objection, suspended about two hours, to enable the defendant to procure a witness. During this time, a bottle of liquor was handed round, of which the jurors, and other persons in the room, drank. But nothing was drank, by the jurors, for an hour and a half previous to the re-commencement of the proceedings. Verdict for the plaintiff, for $10 ; and the Justice taxed, as a part of the plaintiff's costs, 9 cents, for an adjournment previously procured by the defendant, which was included in the judgment for the plaintiff.

*N. Williams,* for the plaintiff in error.

*Hubbard & Stower,* for the defendant.

*Curia.* It is contended, that the plaintiff, by laying his damages, in his declaration, at more than $25, ousted the Justice of his jurisdiction, the suit being under the 25 dollar act. It is possible that, before the extension of a Justice's jurisdiction to 50 dollars,(a) this objection might have been fatal. The case of *Bowditch* v. *Salisbury,*(b) appears to countenance that opinion. But now it is an objection in form merely. The Justice had jurisdiction beyond the amount claimed in the declaration. The objection, therefore, of a want of jurisdiction, is not well founded. But it is objected, that there is a variance between the process and declaration, the one being for $25, and the other for $27,10. In *Bowen* v. *Ferne,* (c) it was held, that a variance between the summons

*Margin note:* Though the process, in a justice's court, be for $25 only, and the declaration be for more, it does not oust the justice of his jurisdiction; nor is it a material variance.

If the costs of an adjournment, procured by the defendant, be included in a judgment for the plaintiff, it is error.

A judgment will not be set aside because a jury drink spiritous liquor, during a suspension of the proceedings in the cause; but only for doing this while they are sitting as a jury.

In this case it did not appear that the liquor was furnished by one party more than the other; nor that the jury drank to excess.

(a) *Sess.* 41, *ch.* 94.
(b) 9 *John. Rep.* 366.
(c) 16 *John. Rep.* 161.

NEW-YORK,
May, 1823.

and declaration, as to the form of action, (the one being in trespass, and the other trespass on the case) was mere matter of form. The variance; in this case, is much less material, and is not, therefore, a sufficient ground for reversing the judgment. Nor is there any validity in the other objection. The jurors did not take liquor while they were sitting *as a jury.* It was during the two hours suspension of proceedings, which distinguishes this case from that of *Kellogg &*

(d) 15 *John.*
*Rep.* 455.

*Reed* v. *Wilder.*(d)   It does not appear that they drank to excess, or that the liquor was furnished by one party more than the other. The judgment must, therefore, be affirmed, as to the damages. But the Justice having included, in the judgment, the costs of an adjournment procured by the defendant, it must be reversed as to the costs.

Judgment accordingly.