ALBANY,
Feb. 1825.

Rose
v.
Smith

---

### Rose *against* Smith and Davis.

On certiorari to a Justice's Court, the affidavit upon which the certiorari was founded, charged misconduct in

Misconduct of of a jury in a justice's court, properly assignable as error in fact, and if found, the course is to move court specially for judgment of reversal, on producing the *postea*, &c.

That spirituous liquors was circulated among the jury, while sitting as such, even though by consent, is cause for reversing the judgment.

ALBANY,
Feb. 1825.

Rose
v.
Smith.

the jury, in drinking spirituous liquors. To this part of the affidavit the justice returned, that he knew nothing of the fact. Whereupon, the plaintiff assigned for error, specially, that while the jury were sitting together at the trial, they drank of spirituous liquor, conveyed to them by the defendants, without the knowledge of the plaintiff; that one of them became intoxicated. And upon issue, the jury at the circuit found, that spirituous liquor was circulated among the jury in the Justice's Court, while sitting as such; that one of the jurors, in the Justice's Court, was *disguised with liquor*, given to him during the trial; and that, during the trial, the plaintiff in error objected to the circulation of liquor among the jurors, while sitting.

A motion was now made for judgment of reversal, upon producing the *nisi prius* record, with the *postea* and copy of the minutes of the circuit, &c. And *Kellogg & Reed* v. *Wilder*, (15 John. Rep. 455,) was cited, to show that there was sufficient cause, upon the finding of the jury, for reversing the judgment. *Harvey* v. *Rickett*, (id. 87,) was also cited, to show that the misconduct should be taken advantage of by assignment of error in fact; and *Brown* v. *Le Row*, (2 Cowen's Rep. 525,) to show that judgment, in this case, is not of course, but should be on special motion.

For the defendants in error it was insisted, that the verdict was substantially for the defendant, to whom the *postea* should be delivered. The assignment of errors alleged, that the liquor was furnished by the defendants. This is not verified by the verdict. Without it the judgment should not be reversed. It is a material allegation, that the defendants found the liquor. (Bac. Abr. *Verdict*, (O) pl. 23, 31. 2 Rol. Abr. 707, pl. 49. *Smith* v. *Thompson*, 1 Cowen's Rep. 221, and the note to that case, where all the cases are collected, as to the misbehavior of jurors.)

Should the Court render judgment for the plaintiff, it would present a novel case; one not found in all the books; a case where either party may set aside a judgment, on error, for the same cause. In this case, if the plaintiff can reverse the judgment, the defendants may do the same; for neither party is in fault.

The assignment is, that one of the jurors was *intoxicated;* the finding, that he was *disguised,* which is not according to the issue. It is indefinite, and unworthy of legal notice.

*H. Lathrop,* for the plaintiff in error.

*J. Brackett,* for the defendants in error.

*Curia.* This matter comes properly before us by an assignment of error in fact, issue and verdict; upon which the application for judgment should be special. The circulation of spirituous liquor among the jury was, of itself, fatal, on error; and we have decided, that even consent of parties will not cure it. The matter really to be tried, then, was not whether the circulation of the liquor was procured or consented to by the defendants, but whether such a thing took place for any cause, no matter what. In an inferior Court, it is impossible to correct this practice by moving for a new trial, as may be done in a Court of record. To avoid the evil of intoxication, effectually, it has, therefore, been thought necessary to interfere, and set aside the judgment, wherever, on error, it appears that spirituous liquor has circulated among the jury. The present is a flagrant case. Not only was liquor freely circulated, but one of the jury was, in the language of the verdict, *disguised with liquor.*

Judgment reversed.