## ANDREW FOLAN *vs.* JEDEDIAH G. LARY.

### *Practice. Former suit.*

The phrase 'former suit,' as used in R. S., c. 82, § 111, applies to a suit in this State and not to one in another jurisdiction.

Thus, where, in the State of New Hampshire, the defendant had on nonsuit recovered judgment for costs against the plaintiff, in an action by the latter against the former, and then the plaintiff brought this suit for the same cause of action; *Held,* That proceedings would not be stayed until the costs in the former suit were paid.

ON EXCEPTIONS.

ASSUMPSIT on an account annexed.

At the September term, 1872, the defendant filed a motion to stay the proceedings (under R. S., c. 82, § 111), upon the ground that in Coos county, New Hampshire, in an action for the same

*Folan v. Lary.*

cause, brought by the plaintiff against the defendant, the latter recovered judgment against the former on nonsuit, for costs which had never been paid.

The copy of the record of the judgment in New Hampshire was in the name of this plaintiff against this defendant and certain persons as trustees.

The presiding judge sustained the motion, and the plaintiff alleged exceptions.

*William P. Frye & John B. Cotton,* for the plaintiff.

*M. T. Ludden,* for the defendant, contended

That R. S., c. 82, § 111, is a declaratory statute, reënacting and proclaiming the common law. *Hoare* v. *Dickson,* 62 E. C. L., 164, and cases cited.

Any other rule would be 'vexatious and oppressive.'

A judgment conclusive in one State is conclusive in every other. *Sweet* v. *Brackley,* 53 Maine, 346.

The judgment in New Hampshire between these parties is the same as though rendered here. U. S. Const. Art. IV, § 1. The presumption is in favor of the jurisdiction. *Buffum* v. *Stimpson,* 5 Allen, 591. Counsel also cited *Mowry* v. *Cheeseman,* 6 Gray, 515, as analogous.

APPLETON, C. J. The R. S., c. 82, relate to 'proceedings in court.' 'The proceedings in court' are proceedings in the courts in this State, not in those of other States or of foreign nations. Like all legislation, it has reference to what may arise within the jurisdictional limits of the State.

In this chapter are various provisions in relation to costs. Among others is found § 111, which is in these words: 'When costs have been allowed against a plaintiff on nonsuit or discontinuance, and a second suit is brought for the same cause, before the costs of the former suit are paid, further proceedings shall be stayed, till such costs are paid, and the writ may be dismissed, unless they are paid at such time as the court appoint.'

Folan *v.* Lary.

Now the word ' costs,' in every section from § 104 to § 123, relates to costs as established by the statutes of this State, and as taxed under its provisions. It has no relation to costs existing under other jurisdictions, and which are to be taxed and allowed by the judicial tribunals of other governments. Nothing indicates a change of the meaning of the word in § 111, or that while in other sections the word refers to costs as established by our laws that in this section there is a changed meaning, and the word here is enlarged to mean costs as provided by the law of all other States as well as of this.

Further, the section reads, ' when costs have been allowed.' But who is to allow them? By § 123 provision is made for the court in certain cases to pass upon ' costs recoverable.' The allowance is by the courts of this State, not by those of foreign 'jurisdictions. The word ' allowed ' refers to what is here done, as in § 107.

The costs of a preceding suit, in which the plaintiff has been nonsuited, ' when a second suit is brought for the same case, must be paid at such time as the court appoints,' else ' further proceedings shall be stayed.' Where is the second suit to be brought? Obviously, when the first had been brought, in this State. The statute does not say the costs are to be allowed, nor the suit to be brought in this State,—but the bringing a new suit, and the allowing past costs equally and alike are to take place within this jurisdiction, and not elsewhere. The court are to allow the costs and fix the time of their payment.

It is enough that costs have accrued. The statute does not require the issuing of an execution. Now if there is a nonsuit in England, or in any of our States, is the allowance to be by courts of this State, or is the allowance by one of the judges of another jurisdiction duly certified the allowance within the meaning of this section. If the costs are to be allowed by a judge of this State, then, when the suit was in another jurisdiction, the judges of this are to determine upon the correctness of the taxation of costs in other jurisdictions.

No one reading the section under consideration can doubt that

the word costs has the same jurisdictional limitation as in the pre-
ceding and succeeding sections, which relate to this subject-matter.
The obvious purpose of this legislature was to prevent a multiplicity
of suits for the same cause of action in the courts of this State.

But it is said that by the constitution of the United States, Art.
IV, § 1, 'Full faith and credit shall be given in each State to the
public acts, records, and judicial proceedings of every other State.'
But it does not provide that they shall have in other States the
same effect,—if it did, an execution issued in our State might run in
another. Full faith and credit are given when the judgments of
another State are the basis of a judgment in this.

But it does not necessarily follow that because a judgment has
been recovered in another State, that it is valid. In an action on
a judgment recovered in another State for costs against a plaintiff
in a suit commenced there, he may defend by showing that he gave
no authority to institute such suit, and had no knowledge thereof
until judgment was rendered therein. *Watson* v. *N. E. Bank*, 4
Met. 343. To require the payment of costs as a preliminary to
the plaintiff's proceeding, might be the requiring of the payment of
what is not due, and of what when paid, the party paying cannot
recover back.

But it is argued that the power to stay proceedings in a second
suit until the costs of a former suit for the same cause of action are
paid, exists under the rules of the common law. This is so in cer-
tain cases. As in ejectment, because one recovery in ejectment
cannot be pleaded in bar to another ejectment for the same lands.
So where the nonsuit is upon the merits of the case, the court will
interfere, otherwise not. As in *Bass* v. *Firemen*, 1 Ld. Raym.
697.

Because the merits did not come in question in the trial upon
which the plaintiff was nonsuit, the court refused to stay proceed-
ings. But 'it seems to me,' remarks Lord Ch. Justice DeGrey,
in *Melchart* v. *Halsey*, 3 Wils. 152, 'the court would then have in-
terposed, if the plaintiff had been nonsuited upon the merits at the
trial.' So in *Hoare* v. *Dickson*, 62 E. C. L. 164, the proceedings

Folan *v.* Lary.

were stayed because the nonsuit had been ordered upon the merits. This seems to be the rule as recognized in the English courts.

Further, in all the cases on the subject the suits were both brought in the same jurisdiction. In no instance has a plaintiff been compelled to pay costs accruing in a foreign government as a preliminary to enable him to enforce his rights in the English courts. Indeed, the reason upon which the action of the court is based precludes the very idea of interference in such a case. Their interference is to prevent the vexatious abuse of its own process. The abuse of the process arises only in the second suit. This implies the previous use of the process of the court. The process of the court is not abused by its first use. It is the second only which is vexatious. A person indicted in this State for the selling of spirituous liquors cannot be punished as a second offender by proof of a previous conviction for the same offence in another jurisdiction. So the vexation, to which the courts refer, is the vexation which arises from two civil actions in the same jurisdiction for one and the same cause of action,—the second being after a nonsuit has been ordered on the first on the merits.

The question to be determined is the intention of the legislature. The word ' costs,' in every other section, means ' costs ' as determined by our legislature, not ' costs ' which may be established by a foreign State. The allowance of costs is to be by the judges appointed under our law. The suits are to be brought in our courts. The proceedings when stayed, are to be stayed by our judges. The act in § 111, as in other sections, relates to what has been, or is to be, done within the limits of this State.

*Exceptions sustained.*

KENT, DICKERSON, DANFORTH, and VIRGIN, JJ., concurred. CUTTING, J., did not concur.