(91 App. Div. 7.)

### SAMMIS v. NASSAU LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department.    January 29, 1904.)

1. JUSTICES OF THE PEACE—JUDGMENT—APPEAL—STATUTE—CORPORATIONS.

> Where service in an action before a justice against a domestic corporation was on a person not a general agent thereof, and the corporation did not appear therein, an appeal therefrom before personal service of notice had been made on defendant of the entry of judgment is in time, under Code Civ. Proc. § 3046, providing that a defendant in an action before a justice of the peace, on whom summons was not personally served, and who did not appear therein, may appeal within 20 days after personal service of notice on him of entry of judgment

Appeal from Nassau County Court.

Action by Adelbert H. Sammis against the Nassau Light & Power Company.    From an order denying a motion to dismiss an appeal, plaintiff appeals.    Appeal dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Francis B. Taylor, for appellant.
Fred Ingraham, for respondent.

WOODWARD, J.    This action was brought to recover a sum of money upon a contract.    It was commenced on the 2d day of December, 1902, in Justice's Court, by the service of a summons and verified complaint upon one Ernest Hamblin, who was alleged to have been the defendant's agent.    The defendant made no appearance in the action, and on the 20th day of December, 1902, the justice of the peace before whom the summons was returnable, entered judgment in favor of the plaintiff and against the defendant for the sum of $105.20.    On the 17th day of January, 1903, defendant served a notice of appeal from said judgment to the County Court of Nassau county.    It appears that at the time of the argument of the appeal a formal motion to dismiss the same was made, and, the county judge having sustained the appeal and reversed the judgment, the plaintiff subsequently entered the order denying the motion to dismiss the appeal to the County Court, and from this order this appeal is taken.    There was no appeal from the judgment of reversal of the Justice's Court judgment, and the time for such appeal has long since passed, and the situation is that of one who has apparently acquiesced in a judgment until after his right of appeal has expired, and who then seeks to gain the practical advantage of an appeal by a review of the order denying the formal motion for a

dismissal of the appeal by entering the order denying such motion. The notice of entry of the judgment of reversal was served upon the attorney for the plaintiff more than 30 days before this appeal was taken, and there would seem to have been no good reason why the plaintiff should not have sought his relief by an appeal from the judgment, instead of attempting to reach that result by indirection.

The defendant now moves this court to dismiss the plaintiff's appeal on the ground that, the judgment of reversal not having been appealed from within the time limited by law, no appeal lies from an order denying a motion to dismiss the appeal on which such reversal was made; and we are of opinion that the orderly administration of the law warrants this disposition of the matter.

Section 3044 of the Code of Civil Procedure provides that "the only mode of reviewing a judgment, rendered by a justice of the peace in a civil action, is by an appeal, as prescribed in this title." It is not questioned that the defendant appealed in the manner provided for, except that it is urged that the original appeal from the judgment entered in the docket of the justice of the peace was not taken within 20 days of the entry of such judgment, as provided by section 3046 of the Code of Civil Procedure. This section requires that the appeal must be taken within 20 days of the entry of the judgment in the docket, except that where a defendant appeals from a "judgment rendered in an action, wherein he did not appear, and the summons was not personally served upon him, the appeal may be taken within twenty days after personal service upon him on the part of the plaintiff, of written notice of the entry of the judgment," etc. The question raised upon the defendant's appeal, and which did not appear upon the face of the return, was that the defendant, which did not appear in the action, was not personally served with the summons and complaint, as required by the statute, and that the justice's court never had jurisdiction of the action. Section 3057 of the Code of Civil Procedure provides that "where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the matter upon affidavits; or, in its discretion, upon the examination of witnesses; or in both methods." The learned County Court, in the exercise of its power, determined that the person upon whom the summons and complaint were served was not the general agent of the defendant, a domestic corporation, within the meaning of the law, and that there was therefore no personal service in the action. The affidavits and testimony before the learned County Court were sufficient to justify this conclusion, and, as there is no suggestion that personal notice of the entry of the judgment was made to the defendant, it follows that the appeal was taken within the time limited by the statute, and, the Justice's Court never having had jurisdiction over the defendant, a reversal properly followed.

The suggestion of the plaintiff that the service was either a personal service or no service at all, and that, if there was no service, the defendant should have objected to the service at once, instead of allowing judgment to be entered against it, however pertinent to some

other state of facts, has no bearing here. The County Court has found that the service was not made upon a general agent of the defendant, but, until an appeal had been taken, and this fact was established, the judgment roll or docket contained the recital of a personal service of the summons, which was sufficient to support the judgment, and, if true, to limit the time of appeal to 20 days from the entry of the judgment in the docket. Under such circumstances, the Code of Civil Procedure prescribing the only way of reviewing a judgment, and that by appeal, the defendant could not permit this judgment to stand with this false recital in the record, and attempt to show subsequently that the same was a nullity. The facts necessary to support the judgment appearing in the docket, they could not be questioned collaterally; and the defendant was clearly within its rights in appealing from the judgment in the manner pointed out by the Code of Civil Procedure, and in establishing the fact that there had been no personal service of the summons, which gave the right of appeal at any time within 20 days from the notice of entry of judgment. See Fitch v. Devlin, 15 Barb. 47; Larocque v. Harvey, 57 Hun, 366, 367, 10 N. Y. Supp. 366; Wavel v. Wiles, 24 N. Y. 635

The defendant having a right to appeal, under the facts disclosed, to the County Court, the plaintiff had no right to an order dismissing the appeal from the judgment of the Justice's Court. That appeal having been properly disposed of, and no appeal having been taken from the judgment of affirmance, no right of the plaintiff is involved in the appeal from the order refusing to dismiss the original appeal, and the defendant is entitled to a dismissal of the appeal now before us. The appeal should be dismissed, with costs.

Appeal dismissed, with $10 costs and disbursements. All concur.