## SMITH v. CAYUGA LAKE CEMENT CO.

(Supreme Court, Appellate Division, Third Department.   May 8, 1905.)

1. JUSTICES—APPEAL—REVERSAL—COSTS—STAY.

Code Civ. Proc. § 779, provides that, when costs are not paid within the time fixed by an order, all proceedings on the part of the party required to pay the same shall be stayed until payment thereof.   *Held* that, where a justice's judgment for plaintiff was reversed on appeal, and formal judgment entered fixing the costs on reversal, and permitting execution to issue for their collection, but the costs were not imposed as a condition to the granting of a new trial, the determination of the justice that proceedings were stayed because of plaintiff's failure to pay costs of reversal was erroneous.

2. SAME—STATUTES—ERROR IN FACT.

Code Civ. Proc. § 3066, provides that on an appeal from a justice, if the judgment is reversed for an error in fact not affecting the merits, the costs of the appeal are in the discretion of the Appellate Court, but an error of law requiring a reversal entitles the successful party to costs.   Section 779 provides that, when costs are not paid within the time fixed, all proceedings on the part of the party required to pay the same are stayed until payment thereof.   *Held,* that where, on appeal by defendant from a justice's judgment, a reversal was had, and a new trial directed before another justice, the erroneous determination of such justice that plaintiff was stayed until payment of the costs of reversal was not an "error in fact," within section 3066, but an error of law, and on appeal by plaintiff, he being successful, he was entitled to costs as of right.

Appeal from Special Term, Tompkins County.

Action by Fannie J. Smith against the Cayuga Lake Cement Company.   From an order reversing a judgment of a justice, plaintiff appeals.   Modified and affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Bert T. Baker, for appellant.

Mynderse Van Cleef (E. H. Bostwick, of counsel), for respondent.

HOUGHTON, J.   The plaintiff brought action in Justice's Court, and recovered judgment against the defendant.   On appeal to the County Court the judgment was reversed as against the weight of evidence, with costs against plaintiff, and a new trial was directed to be had before a designated justice on a day specified.

The parties appeared in accordance with such direction for the retrial, and the defendant objected to the plaintiff being heard, on the ground that he had not paid the costs of reversal and was therefore stayed. The justice sustained the objection, and rendered judgment dismissing the complaint. From this judgment the plaintiff appealed to the County Court, and the judgment was reversed, but without costs. It is from that part of the order of reversal denying costs that plaintiff now appeals.

The ground upon which costs were denied by the County Court was that the error was one in fact, not affecting the merits, and therefore brought the allowance of costs within its discretion. It is quite apparent that the error committed by the justice in holding that the plaintiff was stayed for nonpayment of costs, and because of which he dismissed plaintiff's complaint, was not one of the "errors in fact" contemplated by section 3066 of the Code of Civil Procedure, which permits the County Court, when reversal is upon such ground, to give or withhold costs. The words "error in fact," as used in the Code (sections 3057, 3066), have reference to some occurrence which affects the validity of the trial, such as service of process by one not authorized, infancy of a party for whom no guardian ad litem had been appointed, relationship of the justice, misconduct of the jury, and the like. Fitch v. Devlin, 15 Barb. 47; Rose v. Smith, 4 Cow. 17, 15 Am. Dec. 331; Sammis v. Nassau Light & Power Co., 91 App. Div. 7, 86 N. Y. Supp. 243. They have no reference to an erroneous ruling, or finding upon the evidence, by the justice or a jury. Adsit v. Wilson, 7 How. Prac. 64; Kasson v. Mills, 8 How. Prac. 377.

The payment of the costs of the first reversal were not imposed as a condition for the granting a new trial before another justice. A formal judgment was entered fixing their amount, and permitting execution to issue for their collection. The provisions of section 779 of the Code of Civil Procedure respecting a stay for nonpayment of certain costs did not apply.

The justice's holding that plaintiff was stayed, and therefore dismissing his complaint on the attempted retrial, was a plain error of law, which required a reversal for the legal error committed. On an appeal for such an error, the County Court has no discretion with respect to costs. The successful party is entitled to costs as a matter of right. Code Civ. Proc. § 3066.

The order was not discretionary, and was wrong, and should be modified by reversing that part which disallowed costs to either party, and inserting therein an allowance of costs to appellant, and, as so modified, should be affirmed, with $10 costs and disbursements. All concur.