FANNIE J. SMITH, Appellant, *v.* CAYUGA LAKE CEMENT COMPANY, Respondent.

*Costs awarded on the reversal of a judgment of a justice of the peace — they are not discretionary where the error of the justice lay in the dismissal of the complaint because of the non-payment of the costs of a previous appeal — when the non-payment thereof does not operate as a stay — the words " error in fact" defined.*

An error committed by a justice of the peace in dismissing the complaint in an action pending before him, because certain costs awarded against the plaintiff on an appeal from a judgment against him had not been paid, is not an " error in fact " within the meaning of section 3066 of the Code of Civil Procedure, which renders it discretionary for the County Court, when reversing a judgment of the justice of the peace for an " error in fact," to grant or withhold costs.

The words "error in fact," as used in sections 3057 and 3066 of the Code of Civil Procedure, have reference to some occurrence which affects the validity of the trial — such as service of summons by one not authorized, infancy of a party for whom no guardian *ad litem* has been appointed, relationship of the justice, misconduct of the jury and the like. The words have no reference to an erroneous ruling or finding on the evidence by a justice or a jury.

Where a County Court, when reversing a judgment of a justice of the peace, awards costs against the respondent, but does not make the payment of the costs a condition of the granting of a new trial, the provisions of section 779 of the Code of Civil Procedure, respecting a stay for non-payment of costs, do not apply.

APPEAL by the plaintiff, Fannie J. Smith, from so much of an order of the County Court of Tompkins county, entered in the office of the clerk of the county of Tompkins on the 17th day of August, 1904, reversing a judgment of the justice of the peace of the city of Ithaca, in favor of the defendant, as states that such judgment is reversed "for an error in fact not affecting the merits, which the justice committed, without costs to either party."

*Bert T. Baker*, for the appellant.

*E. H. Bostwick, Myron N. Tompkins* and *Mynderse Van Cleef*, for the respondent.

HOUGHTON, J. :

The plaintiff brought action in Justice's Court and recovered judgment against the defendant. On appeal to the County Court the judgment was reversed as against the weight of evidence, with costs against plaintiff, and a new trial was directed to be had before a designated justice on a day specified. The parties appeared in accordance with such direction for the retrial, and the defendant objected to the plaintiff being heard, on the ground that she had not paid the costs of reversal and was, therefore, stayed. The justice sustained the objection and rendered judgment dismissing the complaint. From this judgment the plaintiff appealed to the County Court, and the judgment was reversed but without costs. It is from that part of the order of reversal denying costs that plaintiff now appeals.

The ground upon which costs were denied by the County Court was that the error was one in fact not affecting the merits, and, therefore, brought the allowance of costs within its discretion.

It is quite apparent that the error committed by the justice in holding that the plaintiff was stayed for non-payment of costs, and because of which he dismissed plaintiff's complaint, was not one of the errors "in fact" contemplated by section 3066 of the Code of Civil Procedure which permits the County Court, when reversal is upon such ground, to give or withhold costs. The words "error in fact" as used in the Code of Civil Procedure (§§ 3057, 3066) have reference to some occurrence which affects the validity of the trial — such as service of process by one not authorized, infancy of a

party for whom no guardian *ad litem* had been appointed, relationship of the justice, misconduct of the jury and the like. (*Fitch* v. *Devlin,* 15 Barb. 47 ; *Rose* v. *Smith,* 4 Cow. 17 ; *Sammis* v. *Nassau Light & Power Co.,* 91 App. Div. 7.) They have no reference to an erroneous ruling, or finding upon the evidence by the justice or a jury. (*Adsit* v. *Wilson,* 7 How. Pr. 64 ; *Kasson* v. *Mills,* 8 id. 377.)

The payment of the costs of the first reversal was not imposed as a condition for the granting a new trial before another justice. A formal judgment was entered fixing their amount, and permitting execution to issue for their collection. The provisions of section 779 of the Code of Civil Procedure respecting a stay for non-payment of certain costs did not apply.

The action of the justice in holding that plaintiff was stayed and, therefore, dismissing her complaint on the attempted retrial, was a plain error of law which required a reversal for the legal error committed. On an appeal for such an error the County Court has no discretion with respect to costs. The successful party is entitled to costs as a matter of right. (Code Civ. Proc. § 3066.)

The order was not discretionary and was wrong, and should be modified by reversing that part which disallowed costs to either party and inserting therein an allowance of costs to appellant ; and as so modified should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order modified by striking out the disallowance of costs and providing in lieu thereof an allowance of costs to the appellant, and as so modified affirmed, with ten dollars costs and disbursements to appellant.