## STATE EX REL. ROBERT H. PEERY v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

March 28, 1918.

No. 20,870.

**Judgment — stay until payment of costs in higher court.**

> The case of Peery v. Illinois Central Railroad Company was tried in the district court and a judgment for plaintiff rendered. This judgment was affirmed by this court, but on a writ of error to the United States Supreme Court, the judgment of this court was reversed, and a judgment for costs rendered against plaintiff. Pursuant to this reversal, this court reversed its former judgment, and the judgment of the trial court, and remanded the case for a new trial. It is *held* that the trial court had the power to stay proceedings until the judgment for costs in the United States Supreme Court was paid.

Upon the relation of Robert H. Peery the supreme court granted its order directing the district court for Ramsey county and Honorable Hascal R. Brill, presiding judge thereof, to show cause why a writ of mandamus should not be issued commanding him forthwith to vacate a certain order filed by him on November 27, 1917. Respondent made return. Writ discharged.

*Samuel A. Anderson,* for relator.

*Butler, Mitchell & Doherty, Charles C. La Forgee* and *Walter S. Horton,* for Illinois Central Railroad Company.

[1]Reported in 166 N. W. 1080.

BUNN, J.

On the petition of relator this court issued an order requiring the district court of Ramsey County, and the Honorable Hascal R. Brill, presiding judge thereof, to show cause why a writ of mandamus should not issue commanding that a certain order in the case of Robert H. Peery v. Illinois Central Railroad Company, be vacated and set aside. The order was one staying all proceedings on the part of plaintiff until he shall have paid the judgment for costs and disbursements, amounting to $558, rendered in the action in favor of defendant and against plaintiff by the Supreme Court of the United States. Respondent made return to the order to show cause, and the matter was submitted on briefs.

The sole question is whether the district court had the power to make the order stated. A brief history of the case follows:

On the first trial in the district court, in January, 1913, evidence was received on the question whether plaintiff was injured while engaged in interstate commerce. Plaintiff also sought to prove liability under the common law of Kentucky, where the accident happened, but his complaint was held insufficient for this purpose, and he was refused permission to amend, unless he elected to strike out the allegations as to interstate commerce, which he declined to do. The trial court held that plaintiff was not injured while engaged in interstate commerce, that the Federal Employer's Liability Act did not apply, and directed a verdict for defendant. On appeal to this court, the trial court was reversed and a new trial granted. 123 Minn. 264, 143 N. W. 724. This trial resulted in a verdict for plaintiff, based solely on the decision that he was injured while engaged in interstate commerce. This verdict was upheld by this court, and the judgment entered thereon affirmed. 128 Minn. 119, 150 N. W. 382, 1103. Defendant took the case to the United States Supreme Court on a writ of error. That court reversed the judgment of this court, holding that the facts did not establish interstate commerce. A judgment for costs was entered in that court in favor of defendant and against plaintiff, for the sum of $558. The case was remanded to this court for further proceedings, and an order was entered in this court reversing the judgment theretofore entered in the cause in this court, reversing the judgment of the district court which was affirmed by the judgment of this court, and granting a new trial.

139 M.—30

Thereafter defendant endeavored to have taxed as costs in this court the costs in the United States Supreme Court, but the clerk's disallowance of this item was affirmed by the court. The judgment for costs in this court was for $311. Plaintiff afterwards moved that the remittitur be issued without payment of this judgment, except clerk's fees, on the ground of plaintiff's poverty. This motion was denied by this court. Defendant's motion that plaintiff, as a condition precedent to the granting of a remittitur, be required to pay the judgment for costs in the United States Supreme Court, was also denied, on the ground that the statute (G. S. 1913, § 7990), providing that the losing party, except when otherwise ordered by the court, shall pay the costs and disbursements before he shall be entitled to a remittitur, "refers only to costs and disbursements in this court, and this court has no power to impose, as a condition to the granting of a remittitur, the payment of any other sum."

Plaintiff paid the judgment for costs in this court, and the remittitur issued. Then defendant made its motion in the court below, to require plaintiff to give security for costs, and to stay proceedings until the judgment in the United States Supreme Court should be paid. The trial court denied the first part of the motion, but granted the second. This mandamus proceeding was then instituted by plaintiff.

Was it within the power of the trial court to make the payment of this judgment a condition precedent to further proceedings in the action on behalf of plaintiff?

It is well settled that the district court has the inherent power, not dependent on statutory authority, to stay proceedings in an action until a judgment for costs in a former action between the same parties, involving the same subject matter, or in the same action, has been paid, at least where the judgment is in the same court in which the new action is pending. Gerrish v. Pratt, 6 Minn. 14 (53); 1 Notes on Minn. Reports, 186. This is not disputed by counsel for relator. His argument consists of two points: (1) This court, when it held that it had no power to make the payment of the United States Supreme Court judgment a condition precedent to granting a remittitur, held by necessary implication that the district court had no power to make payment of the judgment a condition precedent to proceeding with the new trial; (2)

that this court having remanded the case for a new trial generally, without imposing any condition, the district court violated the mandate of this court when it imposed the condition it did. We will briefly take up these two points in the order stated, and then consider the case generally.

1. The order of this court, the effect of which is questioned, was clearly based on the fact that the statute referred to gave this court no power to require payment of any judgments except those entered in this court. It was not intended as a holding that the district court, of original and unlimited jurisdiction, had no power, independent of statute, to require the payment of the judgment as a condition precedent to going on with the new trial. And we do not think this result necessarily follows from the order or anything said in it.

2. Under our statute and decisions, when a case is reversed in this court, and a judgment entered here for costs, whether the costs shall be paid as a condition precedent to remitting the case and its further prosecution in the court below, is a question exclusively for this court. Fonda v. St. Paul City Ry. Co. 72 Minn. 1, 80 N. W. 366. It is probably correct under this decision, that when a case is remitted to the court below for a new trial, without conditions, the district court has no power to impose the condition of payment of the judgment in this court. The decision in the Fonda case is predicated solely on the language of the statute, the construction thereof being that whether the costs in this court in any given case shall be paid as a condition precedent to remitting the case and its further prosecution in the court below, is a question exclusively for this court. Counsel cite also Chapman v. Yellow Poplar Lumber Co. 89 Fed. 903, 32 C. C. A. 402; Smith v. Cayuga Lake Cement Co. 105 App. Div. 307, 93 N. Y. Supp. 959; Garrison v. Singleton, 5 Dana (Ky.) 160; Ely v. Commonwealth, 5 Dana (Ky.) 398. But in each of these cases and in the cases cited therein, and in the Fonda case, the appellate court had the power to make the payment of the costs a condition precedent to further proceedings, and had not done so. In the case at bar, the situation is quite different. This court has distinctly held that it had no power to impose the condition, because the statute gave it no such power. Is it true that remanding the case without imposing a condition that the court had no power to impose, makes the

lower court guilty of violating the mandate if it imposes this condition to further proceedings? We think not.

3. Had the judgment been in the court below for the costs of a former trial resulting in a dismissal, there would be no doubt of the power of the court to require payment as a condition precedent to further proceedings. Had the judgment been in this court, for the costs on appeal, if the Fonda case is to be followed, the district court could not make its payment a condition precedent to further proceedings according to the mandate of this court. But in the case at bar we have neither of these situations. The judgment here is in the United States Supreme Court for the costs in that court. It is not claimed that the Federal court had any power to make payment of its judgment a condition precedent to future proceedings in the state trial court. It is settled that this court has no such power. If the district court has not, the power does not exist. We think it does exist, and in the trial court, under its inherent power to do justice, independent of statute. Suppose the judgment for costs had been rendered in some other district court in this state, or in a Federal district court. We perceive no reason to deny the power to refuse to proceed with the second trial until the costs of the first have been paid. It has been held that a stay would not be granted where the first suit was brought in another state or country. Folan v. Larry, 60 Me. 545. But, as stated in Cyc., "it has never been doubted that the rule is in no way affected by the fact that the two actions are brought in different courts, provided the courts are of the same character, that is to say, both being law or both being equity courts." 11 Cyc. 258, and cases cited in note. In Buckles v. Chicago, M. & St. P. Ry. Co. 47 Fed. 424, a leading case which reviews many of the authorities, plaintiff brought his action in the state court, took a nonsuit, and a judgment for costs was taken against him. He brought the action over again in the state court, but it was removed to the Federal court, which granted a stay until the judgment in the state court should be paid. But of course in the case at bar there were not two actions, but a reversal of the judgment and a new trial granted. That some court has the power, on a proper showing, to stay proceedings until the costs on appeal are paid is not open to doubt. It is generally held that the trial court has this power. Felt v. Amidon, 48 Wis. 66, 3 N. W. 825; Clark v. Bay Circuit Judge, 154 Mich. 483,

117 N. W. 1051. It seems to us that the district court had the power in this case to stay further proceedings on the part of plaintiff until he paid the judgment for costs rendered in the Federal Supreme Court. We so hold. This conclusion disposes of the case, as no question of abuse of discretion is or could be involved.

Writ denied.