## MARY RAMBO v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

No. 30,480.

July 3, 1936.

*H. E. Stassen* and *Elmer J. Ryan,* for plaintiff-respondent.
*Stearns, Stone & Mackey,* for defendant-appellant.

PER CURIAM.

The Supreme Court of the United States having reversed with costs (C. G. W. R. Co. v. Rambo, 297 U. S. 701, 56 S. Ct. 693, 80 L. ed. 990), the judgment herein, affirmed by this court (Rambo v. C. G. W. R. Co. 195 Minn. 331, 263 N. W. 112), and having also ordered that the cause be remanded to this court for further proceedings not inconsistent with the opinion of said Supreme Court, plaintiff now moves this court to issue a remittitur to the district court of Dakota county directing a reversal of the judgment rendered by that court and ordering a new trial, and defendant moves this court to direct the court below to enter judgment in its favor.

This court, upon due consideration, denies without prejudice defendant's motion, with leave, on the going down of the remittitur, to renew the same in the court below, if so advised. The rule to be observed in passing on such motion is clearly stated with pertinent citation of authorities in First Nat. Bank v. Fox, 191 Minn. 318, 254 N. W. 8. If such motion be not made within 30 days, or is denied after the going down of the remittitur, the court below is directed to reverse the judgment herein and grant a new trial. When a judgment is reversed for insufficiency of the evidence to support the verdict, as herein determined by the Supreme Court of the United States, a new trial follows as a matter of course unless the reversing tribunal otherwise directs. Yager v. Held, 186 Minn. 71, 242 N. W. 469.

Plaintiff also appeals from the clerk's taxation of the costs taxed in the Supreme Court of the United States. The clerk's taxation is hereby

[1] Reported in 268 N. W. 199.

affirmed, it being in accordance with the mandate of said Supreme Court that defendant have execution from this court therefor. We conceive this conclusion is not opposed by State ex rel. Peery v. District Court, 139 Minn. 464, 166 N. W. 1080.

ON MOTION FOR REMITTITUR WITHOUT PAYMENT OF JUDGMENT FOR COSTS PENDING NEW TRIAL.

On September 18, 1936, the following opinion was filed:[2]

### SYLLABUS.

Where a judgment for costs against plaintiff in this court includes the costs in the Supreme Court of the United States, reversing the judgment this court affirmed, this court, under 2 Mason Minn. St. 1927, § 9487, has the power to grant remittitur without requiring such judgment for costs to be first paid.

PER CURIAM.

The Supreme Court of the United States having reversed with costs our decision affirming the judgment of the district of Dakota county, we, in obedience to its mandate, reversed the judgment of said district court with costs to defendant. Thereupon defendant taxed such costs awarded by this court and also included in such taxation the costs awarded by the Supreme Court of the United States, over the objection of plaintiff, and entered judgment in this court for the amount, viz. $956.07 (197 Minn. 652, 268 N. W. 199). Plaintiff now asks this court to issue a remittitur to the court below without payment of said judgment of costs as a condition precedent to a new trial, under 2 Mason Minn. St. 1927, § 9487. Defendant insists, on the authority of State ex rel. Peery v. District Court, 139 Minn. 464, 166 N. W. 1080, that this court is without power to grant the motion.

Had defendant not insisted upon including in the judgment entered in this court against plaintiff the costs taxed in the Supreme Court of the United States, the case cited would have been in point; for this court, under the section above referred to, has no authority to stay the collection of the judgment for costs of any court other than its own pending a new trial. But here defendant merged the costs in this court with the costs awarded by the Supreme Court of the United States into one judgment of this court, and the logical conclusion would seem to be that this court has control of the entire judgment under said § 9487. And it appearing to the satisfaction of this court that plaintiff is unable to pay said judgment in full, the remittitur is hereby granted upon payment of the clerk's fees only as provided in said section.

[2]Reported in 268 N. W. 870.