BAHRE v. BAHRE.

[No. 30,364. Filed May 27, 1964. Rehearing denied July 7, 1964.]

*Harry M. Stitle, Jr.*, and *Norman R. Newman*, both of Indianapolis, for appellant.

*Sidney A. Horn, John J. Rochford, Paul E. Blackwell* and *Frank W. Morton*, all of Indianapolis, for appellee.

PER CURIAM.—The appellee herein has filed a motion to dismiss the appeal, which is from three orders of the Johnson Circuit Court growing out of a divorce action in that court. All of these petitions were filed subsequent to an appeal to the Appellate Court taken in the divorce case between the parties, and after the Appellate Court had reversed the trial court on that part of the judgment "in so far as it grants alimony and support payments" with instructions to grant a new trial on those issues alone. The judgment as to the divorce decree was not contested. *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N. E. 2d 639.

The three petitions that were filed in the trial court following the partial reversal on appeal, and which are the subject of this appeal to this court, are listed as follows:

1. Petition for order for payment of expenses, suit money and attorney fees for post trial procedures and appellate review.

2. Petition for support of two minor children *pendente lite,* new trial and for lump sum award for adequate support from September 28, 1959 to date.

3. Petition for suit money, legal expenses and attorney fees for preparation and new trial of cause.

Although no order was entered consolidating these three separate petitions, nevertheless this appeal is presented to us as if the orders on the three petitions had been consolidated for appeal purposes, and one assignment of errors relates to and attempts to cover the various orders and judgments made on the three petitions. For reasons that appear later, this has caused some confusion with reference to the specifications in the assignment of errors and the petitions to which they apply in some instances.

Part of the motion to dismiss is predicated upon a failure of the transcript to contain a praecipe. However, this has been remedied by a writ of certiorari. Other defects are pointed out in appellant's brief with reference to the failure of the briefs to contain certain references to the transcript pages of certain testimony; that the index of the transcript was not contained in the first pages thereof and the size of the brief filed was not in conformity with the rules of the court. The appellant has asked leave to make corrections. By reason of such request and from an examination of the briefs, we believe the appellant has made a good-faith attempt to comply with the rules of this court and is not prejudiced thereby.

There is, however, a more serious difficulty pointed out in the motion to dismiss, to which the appellant has

filed a "motion in opposition to appellee's motion to dismiss." Appellee contends that:

1. The orders granted on the first two petitions were final judgments for fixed sums of money, and the record shows no motion for a new trial was filed thereto within the prescribed period from which an appeal may be taken.

2. That the order on the third petition, which was for suit money and expenses for preparation for the new trial, is interlocutory, from which an appeal may be taken to this court, but such order was not referred to or made the subject of any specification in the assignment of errors.

With these conclusions we are inclined to agree. An examination of the assignment of errors reveals that specifications numbers 1, 2, 3 and 4 refer to items of fees and expenses relating to the first appeal which had been consummated. The items were not payments for services to be rendered *pendente lite* or in the future, which might be modified under varying cirumstances. The court order made appears to be in the form of a final judgment as to those items. The divorce decree on appeal was final. The reversal on appeal was not granted upon the allowances of attorney fees or expenses in connection with the granting of the divorce, but solely as to "alimony and support payments." The issues as to expenses for the divorce decree were not pending for retrial, but were final. No motion for a new trial was filed raising the alleged errors. Moreover, the appeal would not be to this court, if the errors had been properly raised from such final judgment.

Items 5 and 6 of the assignment of errors do not raise any question as to the payment of support or the

modification of the same *pending the suit* or new trial, but only questions the court's allowance of a lump sum judgment of the court for prior support from September 28, 1959 to the date of the hearing. This, in our opinion, is a final judgment for a fixed sum following a decree of divorce. *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493.

The orders for the payment of suit money and legal expenses (subject matter of third petition) for use in preparation for the new trial then pending were interlocutory orders and were properly appealable. However, the assignment of errors fails to question or fails to claim any error with reference to the orders for suit money and legal expenses *pendente lite* the new trial, which was granted. Therefore, we find that there is no matter of appeal properly before this court over which we have jurisdiction.

The motion of appellee to dismiss this appeal is granted, and the appeal is ordered dismissed, with costs taxed against the appellant.

Jackson, J., concurs in result. Myers, J., not participating.

NOTE.—Reported in 198 N. E. 2d 751.