JOHNSON ET AL. *v.* SOUTHERN INDIANA GAS AND ELECTRIC.

[No. 30,984. Filed May 13, 1968.]

*John Burley Scales,* of Boonville, for appellants.

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellee.

HUNTER, J.—This is an appeal from a condemnation action brought by appellee, Southern Indiana Gas and Electric Company, to condemn certain interests in property owned by Walter E. Johnson and others. Appellee is a public utility corporation engaged in the purchase, distribution and sale of gas. Appellants filed objections to the condemnation proceedings, which objections were overruled, and thereafter the court below entered an order appointing appraisers to assess the damages to which appellants are respectively entitled. From the overruling of appellants' objections, this appeal was taken.

Appellee has filed a motion with this Court that the order of the court below be affirmed, or, in the alternative, that this appeal be dismissed. Several reasons are alleged in support of such motion:

(1) "The Argument in Appellants' Brief does not comply with Rules 2-17(e) and 2-17(h) of the Supreme Court in that it does not contain under the heading 'Argument' a Summary of the Record."

(2) "The Argument in Appellants Brief does not comply with Rule 2-17(h) of the Supreme Court in that it does not contain under heading 'Argument' a specification of such of the assigned errors as are intended to be urged."

(3) "The Argument in Appellants' Brief does not comply with Rule 2-17(h) of the Supreme Court in that it does not contain under the heading 'Argument' a concise statement of the basis of the objections to the (unspecified) ruling complained of."

Rule 2-17 of the Rules of the Supreme Court of Indiana, in pertinent part, provides as follows:

"Rule 2-17. Appellant's Brief.—The brief of the appellant shall contain short and clear statements disclosing: . . .
(e) It shall be unnecessary to set out the entire record or the bill of exceptions with the evidence in the brief in a

separate section thereof. In lieu thereof, the appellant shall set forth a summary of the evidence and the record which he believes to be pertinent to the issues involved in the initial portion of the argument section of the brief, with specific reference to the line and page in the transcript where such evidence may be found or the pleadings or other paper may be found. When error is predicated on the giving or refusal of any instruction, such instruction shall be set out verbatim in the argument section of the brief, with the verbatim objections, if any, made thereto.

(h) The briefs shall contain under the heading 'Argument' the matters required under paragraph (e) above with reference to the record and evidence, and shall specify such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial—and after each cause for a new trial relied upon—there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing. If substantially the same question is raised by two (2) or more assignments of error or causes for a new trial, they may be grouped and supported by one (1) argument. If more than three (3) authorities are cited in support, of any argument, the three (3) authorities first relied upon shall be first cited and printed in black-faced type, or in capitals if the brief is typewritten. In citing cases, the title of the case must be given, the year of final disposition, and the book and page where reported. Indiana cases officially reported must be cited and quoted from the book and page of the official report."

The brief filed by appellants in this case fails to comply with the rules of this Court in so many respects that appellee's motion to dismiss or affirm must be granted.

As appellee points out, appellant's brief contains no summary of the record at any point, and the "Concise Statement of the Record" included in their brief is insufficient to constitute a summary of the record. In addition, if it was intended to constitute a summary of the record, it was not placed in the

proper part of the brief. There are also serious omissions in appellants' summary of the evidence, and such summary as appears is replete with instances in which appellants' own impressions and conclusions are substituted for a recital of the evidence presented.

Appellants' assignment of errors is set out in their brief beginning at page twenty-eight (28), but neither in their Summary of the Argument, nor in the Argument itself, do they specify which assignment of error their arguments have reference to in any specific instance. Thus, it is impossible for this Court to determine which assigned error is being urged by any particular section of appellants' argument.

Finally, appellants fail, in the argument portion of their brief, to specify the court rulings to which their arguments are directed. Appellants' contentions appear to be made in a vacuum and without specific reference to the trial proceedings out of which they grow.

This Court will not allow itself to be forced into an extensive search of the entire record from the court below in order to determine what rulings the appellants are complaining about, by reason of appellants' failure to make their brief clear under the rules.

We have held that where examination of appellants' brief reveals a good faith attempt to comply with the rules of this Court, a motion to dismiss on the grounds of non-compliance with such rules will not be sustained. *Bahre* v. *Bahre* (1964), 245 Ind. 522, 198 N. E. 2d 751. On the other hand, where the appellants' brief does not reflect a good faith effort to comply with our appellate rules, the judgment below will be affirmed. *Deggs et al.* v. *Bobich* (1962), 133 Ind. App. 337, 182 N. E. 2d 439.

In this case, as in *Evans* v. *Pope* (1957), 127 Ind. App. 386, 141 N. E. 2d 924, appellants were made aware of the alleged deficiencies in their brief upon the filing of appellee's motion, but appellants made no attempt to amend their brief.

Since we agree with appellee that appellants' brief is deficient under the rules of this Court, and that it fails to reveal a good faith effort to comply with such rules, the motion of appellee is sustained and the judgment below is affirmed.

Judgment affirmed.

Lewis, J., Arterburn, J., Jackson, J., concur. Mote, J., concurs in result on the merits.

NOTE.—Reported in 236 N. E. 2d 594.