DONALD F. WELLING *v.* NORMA A. WELLING.

[No. 370S60. Filed September 3, 1971.]

*John W. Donaldson,* of Lebanon, *Gary Beerbower, Roberts & Church,* of Noblesville, *John H. Baldwin,* of Indianapolis, for appellants.

*Chalmer Schlosser, Jr., Albert W. Ewbank,* of Indianapolis, *Christian Waltz White & Klotz,* of counsel, of Noblesville, for appellee.

HUNTER, J—This is an appeal from an interlocutory order for the payment of money issued by the Hamilton Circuit Court. The jurisdiction of this court is based upon IC 1971, 33-3-2-7, (Ind. Ann. Stat. § 4-214 [1968 Repl.]).

Although there are several specifications of error, the principal arguments raised on appeal are:

1. That the order was contrary to law in that the Hamilton Circuit Court was without jurisdiction, or

2. if it had jurisdiction, that parts of the award are improper, or

3. if not improper, that parts of the award are of such an amount that is prejudicial and oppressive to the appellant.

Appellee has raised the question whether the right to appeal from an interlocutory order exists under our new Rules of Trial Procedure. We have heretofore recognized the right to appeal from an interlocutory order in *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N. E. 2d 5.

The present action is the most recent in an almost uninterrupted chain of litigation between these parties which dates back to August 16, 1965. For the purposes of this appeal, the discussion will be limited to the action commencing on November 30, 1966, when appellant, Donald F. Welling, filed his third suit for divorce in the Marion Superior Court. That court issued a pendente lite order allowing appellee, Norma A. Welling, sixty dollars ($60) each week for temporary support and preliminary attorney fees of one hundred fifty dollars ($150). The cause was then venued, on appellee's motion, to the Boone Circuit Court.

The grounds alleged in the action were cruel and inhuman treatment in that appellee had accused him falsely of failing to provide for her, and had attempted to interfere with his employment by making appellant's employer a party defendant to a non-support action filed by her on October 26, 1966. On August 1, 1967, the Boone Circuit Court entered a judgment for appellant, granting him a divorce. Appellee was awarded the house and alimony in the sum of fifteen dollars ($15) each week for two years. The court further ordered appellant to pay an additional six hundred dollars ($600) for appellee's attorney expenses incurred during the trial. Appellee's motion for new trial was overruled, and she appealed.

On March 5, 1969, the Appellate Court reversed due to the insufficiency of the evidence. See, *Welling* v. *Welling* (1969), 144 Ind. App. 182, 245 N. E. 2d 173, cert. den. 396 U. S. 929. Subsequently, on June 5, 1969, this court denied transfer. The Appellate Court's decision was then certified to the Boone County Clerk. On July 2, 1969, appellee filed a cross-complaint

for separation from bed and board in the Boone Circuit Court. She also filed a motion for change of venue. On July 8, 1969, appellant filed an answer in abatement and notice of an appeal to the Supreme Court of the United States for certiorari to review the decision of the Appellate Court. Thereafter, on August 21, 1969, the Boone Circuit Court sustained appellee's motion to strike appellant's answer in abatement. Appellant then filed his petition for certiorari in the Supreme Court of the United States which was eventually denied on November 17, 1969.

On August 29, 1969, the cause was venued to the Hamilton Circuit Court. The cause was stayed pending the outcome of the petition for certiorari. From what appears to have been an error in docketing, the litigation resumed in the Hamilton Superior Court. It was subsequently transferred to the Hamilton Circuit Court on December 30, 1969. Appellant then filed a motion to dismiss the cross-complaint, contending that the divorce action terminated on March 5, 1969, with the decision of the Appellate Court. He argued that it was impossible for the cross-complaint to exist as such because there was no action pending before the Boone Circuit Court when the cross-complaint was filed. This motion was overruled.

On January 14, 1970, the appellee filed a verified motion for rule to show cause why appellant had not complied with the Marion Superior Court pendente lite order requiring him to pay sixty dollars ($60) each week for temporary support. Appellee also filed a petition for support and attorney fees to recover support and attorney expenses incurred during the previous trial and appeal, and a temporary allowance for the matter now pending before the trial court. This matter was heard on January 30, 1970, and on February 13, 1970, the interlocutory order was issued from which appellant has appealed.

Appellant was ordered to pay the following:

1. Two thousand six hundred fifty-five dollars ($2,655),

said sum representing the amount delinquent and owing pursuant to the Marion Superior Court pendente lite order for temporary support;

2. Three thousand eight hundred fifty dollars ($3,850) for attorney expenses incurred in the Boone Circuit Court trial and the subsequent appeals therefrom;

3. Three thousand five hundred ninety-seven dollars ($3,-597), said amount representing the necessary living expenses incurred by appellee pendente lite;

4. Five hundred dollars ($500) for a preliminary allowance for attorney fees in the cause now pending in the Hamilton Circuit Court;

5. Thirty dollars ($30) payment each week to appellee for temporary support pending the termination of the present litigation.

Before deciding the issues raised by this appeal, we must first consider appellee's motion to dismiss or affirm which she has filed with this court. Appellee contends that the orders made with regard to past support and attorney expenses incurred during the previous trial and appeal are final judgments, and therefore, are not appealable as interlocutory orders. Appellee also claims that appellant's bill of exceptions is not in the record since it is not properly authenticated by the clerk.

We will dispose of this latter contention first. Appellee's claim is grounded upon the fact that the clerk's certificate was signed nine days before the bill of exceptions containing the evidence was filed. To support her contention, appellee relies on *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N. E. 2d 892. However, in that case there was no evidence that the bill of exceptions was ever filed with the clerk. There was no file mark nor date affixed to any of the certificates. In the present case, the judge's certificate to the bill of exceptions was signed February 23, 1970; the clerk's certificate to the transcript was signed March 4, 1970. Both certificates bear

the file mark of March 13, 1970. The file mark contains the date, signature and title of the Hamilton Circuit Court Clerk. This court believes that the above certifications sufficiently incorporate, identify and authenticate appellant's bill of exceptions, and therefore it will properly be considered as part of the record.

A more difficult question is presented by appellee's assertion that the orders relating to past support and attorney fees are final orders. If they are final, they are not appealable directly to this court, nor may an appeal be taken therefrom in the absence of a motion for new trial having been filed. Appellee relies on *Bahre* v. *Bahre* (1964), 245 Ind. 522, 198 N. E. 2d 751.

*Bahre* v. *Bahre, supra,* dealt with three orders which resulted from petitions filed at the outset of a new trial which had been ordered by the Appellate Court. The Appellate Court had affirmed a decree of divorce, but had reversed that part of the judgment relating to alimony and support payments with instructions to grant a new trial on those issues alone.

One of the orders in dispute required payment of expenses, suit money and attorney fees for post trial procedures and appellate review. The appellant in that case, believing the order to be interlocutory, took an appeal directly to this court. In sustaining appellee's motion to dismiss, this court held that the order was a final judgment for a fixed sum *following a decree of divorce.*

We concede that the question presented in the instant case is very similar to the one we decided in *Bahre* v. *Bahre, supra.* One distinction exists, however, and this distinction is critical. In *Bahre* v. *Bahre, supra,* the order followed a final decree of dviorce, while in the present case no divorce has been granted. In *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 739, 164 N. E. 493, 494, we stated:

"An interlocutory judgment, order or decree is one made before the final hearing on the merits. 2 Watson, Rev. of

Works' Practice § 2244; 1 Hogate, Pleading and Practice § 739; 1 Freeman, Judgments (5th ed.) § 38. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and sometimes called an interlocutory judgment. *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, 487; *Western Union Telegraph Co.* v. *Locke, Admr.* (1886), 107 Ind. 9, 11, 7 N. E. 579."

*Cirtin* v. *Cirtin, supra,* has been cited with approval in *Bahar* v. *Tadros* (1954), 234 Ind. 302, 123 N. E. 2d 189; *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; and, significantly, *Bahre* v. *Bahre, supra.*

Since no final judgment has been rendered in the present controversy, we find that the order appealed from is interlocutory and is properly before this court. Appellee's motion to dismiss must be denied.

Appellant contends that the divorce action terminated with the March 5, 1969, reversal by the Appellate Court. Therefore, he argues, appellee's cross-complaint should not have been permitted as no action was pending in the Boone Circuit Court.

The conclusion of the Appellate Court's opinion is found in *Welling* v. *Welling, supra,* and reads as follows:

"Cause reversed there being insufficient evidence in this record of cruel and inhuman treatment. Costs taxed against the Appellee.

Judgment reversed." 144 Ind. App. at 182, 245 N. E. 2d at 173.

Thus, the first task before this court is to determine whether the unqualified reversal by the Appellate Court brought an end to the divorce litigation or impliedly remanded the cause for a new trial.

Appellant argues that divorce actions are statutory, and that divorce statutes should be given a strict construction. Therefore, he contends, since the statute expressly directs the

Appellate Court to remand the cause with instructions for a new trial when the justice of the case requires it, the absence of such an instruction infers that a new trial was not intended.

This argument is unpersuasive for two reasons. It is true that it has been held that divorce statutes should not be liberally construed because it was thought that the legislature did not intend to facilitate the granting of "easy" divorces. See, *Berghean* v. *Berghean* (1943), 113 Ind. App. 412, 417, 48 N. E. 2d 1001, 1003. However, the statute pertaining to reversal, Ind. Ann. Stat. § 2-3234 (1968 Repl.), which was controlling during the previous appeal, relates to procedure rather than divorce.

Secondly, we fail to see where a strict construction would benefit the appellant. Ind. Ann. Stat. § 2-3234 (1968 Repl.) provides, in part:

> "When the judgment is reversed, in whole or in part, the [court] shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it; *but if no new trial is required, with particular instructions relative to the judgment to be rendered, and all modifications thereof. . . .*" [our emphasis]

It appears that appellee could advance an argument similar to appellant's. Since the statute provides that if a new trial is not required the cause should be remanded with particular instructions relative to the judgment to be rendered, appellee could contend that a new trial was intended due to the absence of such an instruction.

We do not believe the solution to this problem turns on statutory interpretation. Whether an unqualified reversal has the effect of remanding the cause for a new trial should depend upon the facts and circumstances upon which the reversal was based.

Other jurisdictions have held that an unqualified reversal based on the insufficiency of the evidence remands the cause for a new trial. See, *Sherrill* v. *Sovereign Camp, W.O.W.*

(1939), 184 Okla. 204, 86 P. 2d 295; *Rambo* v. *Chicago, Great Western R. Co.* (1936), 197 Minn. 652, 268 N. W. 199; *Yager* v. *Held* (1932), 186 Minn. 71, 242 N. W. 469; *In re Herrick's Estate* (1915), 129 Minn. 380, 152 N. W. 774.

California has held that an unqualified reversal remands the cause for new trial. See, *Rinaldo* v. *Superior Court* (1936), 15 Cal. App. 2d 585, 59 P. 2d 868; *Central Savings Bank of Oakland* v. *Lake* (1927), 201 Cal. 438, 257 P. 521.

The mandate of the Appellate Court is controlling. See, *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253, 53 N. E. 2d 161; *Collins* v. *Siegel* (1938), 214 Ind. 206, 14 N. E. 2d 582. If the mandate is unclear or its meaning doubtful, the lower court should look to the accompanying opinion of the reviewing tribunal. *Town of Flora* v. *Indiana Service Corp., supra; Union Trust Co.* v. *Curtis* (1917), 186 Ind. 516, 116 N. E. 916. Turning to the opinion handed down by the Appellate Court in *Welling* v. *Welling, supra,* we find that appellee's sole assignment of error on appeal was the trial court's overruling of her motion for new trial. The reversal of the judgment was based on the insufficiency of the evidence to support the trial court's finding that the wife's action in bringing the support action was malicious. In light of these facts, and in the absence of instructions from the Appellate Court to the contrary, we do not believe that the Boone Circuit Court erred in deciding that a new trial had been ordered. Of course, the decision of the Appellate Court became the law of the case, and if it is retried on the same facts as presented at the first trial, the appellant cannot succeed. See, *Fair Share Organization, Inc.* v. *Mitnick* (1964), 245 Ind. 324, 198 N. E. 765; *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 95 N. E. 2d 298.

Having determined that the trial court did not err in granting a new trial, no question remains concerning the validity of appellee's cross-complaint, assuming, as we must, that it was filed with leave of the court. It follows that the change

of venue to the Hamilton Circuit Court was properly allowed under IC 1971, 34-2-13-1 (Ind. Ann. Stat. § 2-1432 [1967 Repl.]). Therefore, appellant's contention that the Hamilton Circuit Court lacked jurisdiction is without merit.

Next, we must determine whether the Hamilton Circuit Court correctly decided that the Marion Superior Court pendente lite order for the payment of sixty dollars ($60) each week was still in force and effect. Apparently, the trial court was of the opinion that when the Appellate Court reversed the Boone Circuit Court's judgment the pendente lite order was reinstated. We do not agree.

IC 1971, 31-1-12-11, (Ind. Ann. Stat. § 3-1216 [1968 Repl.]), which authorizes the payment of suit and support money pendente lite, provides, in part:

> "*Pending a petition for divorce*, the court . . . may make . . . such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial. . . ." (our emphasis)

The phrase, "pending a petiton for divorce," has been construed to mean the period between the commencement of the action and the rendition of final judgment. *Cirtin* v. *Cirtin, supra; Davis* v. *Davis* (1895), 141 Ind. 367, 40 N. E. 803. A judgment becomes final when the motion for new trial is overruled. See, *McIntosh* v. *Monroe* (1953), 232 Ind. 60, 111 N. E. 2d 658. Therefore, when the Boone Circuit Court denied appellee's motion for new trial, the judgment became final and the order ceased to have effect.

IC 1971, 31-1-12-11, (Ind. Ann. Stat. § 3-1216 [1968 Repl.]), does not provide for an allowance to the wife pending an appeal. However, the trial court has the inherent power to make such an allowance, independent of the statutory provisions. See, *State ex rel. DeMoss* v. *Daviess Circuit Court* (1962), 243 Ind. 376, 185 N. E. 2d 621; *State*

*ex rel. Sims* v. *Hendricks Circuit Court* (1956), 235 Ind. 444, 134 N. E. 2d 211. Significantly, even though the lapse of time between the final judgment and the taking of an appeal is negligible, Indiana law requires the wife to make a new request for an allowance pending an appeal. More specifically, the pendente lite order which was in effect during the trial is not reinstated when an appeal is taken. It can hardly be denied that the same needs which existed during the trial would probably exist during the appeal. Yet the law provides that a new request be made. With this in mind, it appears that it would be inconsistent with the basic theory of the law in this area if we were to rule that the temporary support order was reinstated by the reversal of the judgment on appeal.

It has been held that an order for the payment of temporary support to the wife pendente lite "merges" in the final judgment. See, *Trutnau* v. *Trutnau* (1946), 221 Minn. 462, 22 N. W. 2d 321; *Richardson* v. *Richardson* (1944), 218 Minn. 42, 15 N. W. 2d 127. Adopting the merger rationale, when the judgment was reversed and a new trial ordered, the judgment was set aside—*as was the temporary support order which had merged and expired therein.*

We find nothing unfair or oppressive in requiring the wife to make a new request for temporary support money when the cause is remanded for new trial. The law provides a means for granting an allowance at each level of the proceedings. It only requires that the wife make an express request coupled with a showing of need. To hold otherwise would only create confusion and uncertainty in the law. In the present case, well over two years have elapsed since the Appellate Court handed down its decision and the time this court has firmly established that a new trial was ordered. To subject a party to the possibility of contempt proceedings as a consequence of the unqualified reversal which was handed down by the Appellate Court is a severe burden, and may raise constitutional questions of due process.

In her brief, appellee refers us to *Doughty* v. *State Department of Public Welfare* (1954), 233 Ind. 475, 121 N. E. 2d 645, as authority for holding that the order was reinstated. That case involved an interlocutory order which attached and impounded a sum of money. Doughty's demurrer to the complaint was overruled, he refused to plead further and judgment was rendered on the demurrer. On appeal, the judgment was reversed, with instructions to sustain the demurrer. Upon remand, the plaintiff filed an amended complaint, but on the following day, Doughty's attorney withdrew the impounded money, contending that the interlocutory order was no longer in effect. The court correctly held that the order was still operative as the plaintiff had the right to amend his complaint and continue the litigation.

That case is easily distinguishable from the one at hand. In fact, the only similarity is that both involve interlocutory order. One important difference is that the reversal imposed no affirmative duty upon Doughty to act while in our present case, should the interlocutory order have been reinstated, appellant Welling would have been under a duty to make weekly support payments to his wife or risk a contempt charge. This is one of the very factors which has led us to decide that the order should not be reinstated.

Having decided that the order for temporary support pendente lite was not reinstated by the reversal of the final judgment, it necessarily follows that Hamilton Circuit Court erred in finding that appellant was delinquent in payments pursuant to that order. This holding, however, does not abrogate the husband's common law duty to support his wife. We have only decided that the duty to support the wife cannot be enforced by an order which has been terminated by a final judgment in a previous trial.

Appellant's next argument is directed to the orders requiring the payment of past support and attorney expenses, both of which were incurred by appellee during the prior litigation

of this action. Appellant contends that the orders are improper in that they relate to past expenses and have no bearing on the appellee's present ability to prosecute or defend this action. He further claims that the amount awarded is oppressive.

We cannot agree with appellant's contention that an allowance pendente lite cannot be made for past expenses incurred during the litigation. Suit and support money pendente lite is made available to the wife to enable her to prosecute or defend a divorce action. The rationale supporting this rule is rooted in basic concepts of fair play and reasonableness. In the instant case, the divorce action was commenced in 1966. It has been continually litigated in numerous courts since that time. The cost of carrying on such litigation is burdensome. It would be very harsh and unfair to arbitrarily rule that the services rendered were extended to her credit simply because performance has already occurred. This fact may fairly raise an inference or presumption that credit may have been extended, but the matter of credit is a question of fact left to the sound discretion of the trial court.

Although the better procedure is to request an order for periodic payments for temporary support and a preliminary allowance for attorney fees, we cannot say, as a matter of law, that the request for an allowance for past expenses incurred during the litigation cannot be allowed where no valid final judgment has been rendered, and all matters are pending before the trial court. We decline to decide whether an allowance for past expenses could have been granted had there been a pendente lite support order in effect during the period the past expenses were incurred, since that qustion is not before this court.

It being settled that an allowance can be made for past expenses, it only remains for this court to determine whether the trial court correctly decided that the allowances should be

granted. In *Pry* v. *Pry* (1947), 225 Ind. 458, 468, 75 N. E. 2d 909, 914, this court stated:

"[T]he matter of granting temporary support and attorney fees to a wife in a divorce action is an interlocutory proceeding, ancillary to the main action designed to assure to the wife and children a proper support only during the pendency of the divorce action, and . . . to insure to the wife an efficient preparation of her case and a fair and impartial trial."

The necessity of the allowance, the amount to be allowed and the ability of the husband to pay are matters left to the discretion of the trial court. *Rooney* v. *Rooney* (1952), 231 Ind. 443, 109 N. E. 2d 83; *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32. The trial court's findings on these matters will not be disturbed on appeal unless there has been a clear abuse of discretion. See, *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612; *Rooney* v. *Rooney, supra; Pry* v. *Pry, supra.*

Looking first to the award for attorney fees for services rendered during the prior trial and appeal, it is patently clear that there is error. The order handed down by the Hamilton Circuit Court reads, in part:

"[T]he plaintiff is ordered to pay . . . for attorneys fees for services rendered in said cause at the trial level in the Boone Circuit Court . . ."

The Boone Circuit Court provided that appellant was to pay an additional six hundred dollars ($600) for appellee's attorney expenses at the trial. This order was not reversed by the Appellate Court, nor did appellee raise this issue in her appeal from the Boone Circuit Court judgment. This matter was res judicata, and could not be considered by the Hamilton Circuit Court. Since in the three thousand eight hundred fifty dollars ($3,850) order for payment of attorney fees there is no indication as to what amount was allocated for the prior

trial in the Boone Circuit Court, the entire order must be reversed.

The evidence clearly supports the trial court's conclusion that an allowance for suit and support money was necessary. It is also apparent that appellant is financially capable of making a contribution to his wife. Appellant only objects to the amount the trial court granted.

We have already invalidated certain parts of the trial court's order. The remaining portion in dispute is the three thousand five hundred ninety-seven dollar ($3.597) order for payment of past support to the wife. At this time we need not decide whether this portion of the order, in and of itself, is oppressive. It appears that the trial court was of the opinion that the orders relating to payment for past support and attorney expenses were final, rather than interlocutory. This is evidenced by the fact that the court ordered appellant to pay the attorney expenses directly to appellee's attorneys. Only when the order is final is payment made directly to the attorney. See IC 1971, 31-1-12-11 (Ind. Ann. Stat. § 3-1216 [1968 Repl.]), which provides:

> "[The] attorney fee shall be payable direct to said attorney and the order for same shall be in the name of ▮ said attorney, *when such divorce has been granted or refused. . . .*" (our emphasis)

If the orders were interlocutory, payment should have been directed paid into court for the use and benefit of the wife. Having been found by this court to be interlocutory, they are enforceable by contempt proceedings. Therefore, the husband's *present* ability to pay is of primary concern. The above fact, coupled with the fact that a new hearing will have to be held on the matter relating to attorney expenses incurred during the previous appeal, leads this court to believe it necessary that we also reverse that part of the order requiring payment of three thousand five hundred ninety-seven dollars ($3,597) for past support. This will afford the trial court

the opportunity to reassess its entire judgment for the award of suit and support money for expenses incurred during the previous appeal. After a full hearing of all the evidence an order of allowance based upon the needs of the wife commensurate with the husband's ability to pay may be granted.

There being no objection in the instant case to the five hundred dollar ($500) preliminary allowance for attorney fees and the thirty dollar ($30) weekly support payment pendente lite, that portion of the order is affirmed. The remaining part of the order is reversed, and a new hearing ordered with instructions to proceed in accord with our decision.

Affirmed in part and reversed in part.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 598.