**Bruce D. MOSSER, Appellant–Petitioner,**

v.

**Pamela S. MOSSER, Appellee–Respondent.**

No. 32A04–9909–CV–414.

Court of Appeals of Indiana.

May 26, 2000.

Paul A. Hadley, Danville, Indiana, Attorney for Appellant.

John M. Howard, Jr., Howard & Lawson, Danville, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Bruce D. Mosser ("Husband") appeals from the order finding him in indirect contempt of court for having failed to comply with a provisional order that he pay attorney's fees on behalf of Pamela S. Mosser ("Wife") in this dissolution action.

We affirm.

### ISSUE

The sole issue presented for our review is whether contempt is an available remedy to enforce Husband's compliance with the provisional order to pay attorney's fees.

### FACTS AND PROCEDURAL HISTORY

Husband filed his Petition for Dissolution of Marriage in the Hendricks Circuit Court on February 11, 1998. The case was transferred to Hendricks Superior Court. On June 9, 1998, following evidentiary hearings, the dissolution court issued a provisional order requiring Husband "to pay [Wife's] attorney ... preliminary attorney fees of $350.00 within 45 days." Record at 16.

■ Husband neither paid the attorney's fees nor appealed the order. On May 17, 1999, Wife filed a Motion for Rule to Show Cause, requesting that Husband be ordered to appear and show cause, if any, for his failure and refusal to obey the provisional order. After a hearing on the motion, the dissolution court determined that Husband's refusal to pay the $350.00 in preliminary attorney's fees was without excuse or justification and, thus, that Husband was in indirect contempt of the court's June 9, 1998 provisional order. The court also awarded Wife additional attorney's fees of $250.00 for expenses incurred in presenting her Motion for Rule to Show Cause. Husband now appeals the dissolution court's use of contempt to enforce payment of the $350.00 in attorney's fees.[1]

### DISCUSSION AND DECISION

■ Husband contends that the dissolution court acted without lawful authority when it found him in contempt for his failure to pay preliminary attorney's fees. Specifically, Husband argues that contempt is not available in this case because Article I, Section 22 of the Indiana Constitution forbids imprisonment for debt.[2] He insists that, in a dissolution action, an order to pay attorney's fees, whether provisional or final, is no more than a money judgment collectible only by execution or proceedings supplemental. We disagree.

■ Whether a party is in contempt is a matter left to the sound discretion of the trial court, and we reverse the trial court's finding of contempt only if it is against the logic and effect of the evidence before it or is contrary to law. *Williams v. State ex rel. Harris*, 690 N.E.2d 315, 316 (Ind.Ct.App.1997). Indirect contempt arises from matters not occurring in the presence of the court but which obstruct or defeat the administration of justice, such as failure or refusal of a party to obey a court order. *Crowley v. Crowley*, 708 N.E.2d 42, 52 (Ind.Ct.App.1999). The primary objective of a civil contempt proceeding is not to punish but to coerce action for

---

1. Although Indiana Appellate Rule 4(B)(1) provides for direct appeals as a matter of right from interlocutory orders for the payment of money, Husband did not appeal the provisional order. Thus, he is precluded from challenging that order on the merits in this appeal from the contempt citation. *See Crowley v. Crowley*, 708 N.E.2d 42, 50 (Ind.Ct.

App.1999); *Dillon v. Dillon*, 696 N.E.2d 85, 88 n.1 (Ind.Ct.App.1998) (appeal of provisional order is waived at time of final judgment).

2. Article I, Section 22 of the Indiana Constitution provides in part:

   [T]here shall be no imprisonment for debt, except in case of fraud.

the benefit of the aggrieved party. *Id.* Thus, any type of remedy in a civil contempt proceeding must be coercive or remedial in nature. *Id.*

■ Here, Husband relies entirely upon our supreme court's decision in *Bahre v. Bahre*, 248 Ind. 656, 230 N.E.2d 411 (1967), where the court held that the husband could not be held in contempt for his failure to pay the wife's attorney's fees and expenses arising out of a divorce decree. *Id.* at 661–62, 230 N.E.2d at 415. There is a critical distinction, however, between this case and *Bahre.* In *Bahre*, the contempt citation for the non-payment of attorney's fees and expenses followed the entry of a final judgment. Indeed, in a previous opinion, the supreme court had explicitly characterized the order as a final judgment, explaining that "[t]he items were not payments for services to be rendered *pendente lite* or in the future, which might be modified under varying circumstances." *Bahre v. Bahre*, 245 Ind. 522, 525, 198 N.E.2d 751, 752 (1964); *see Welling v. Welling*, 257 Ind. 120, 125, 272 N.E.2d 598, 602 (1971) (observing that in *Bahre* the order followed a final decree of divorce while in *Welling* no divorce had been

granted). Here, in contrast, the contempt citation resulted from Husband's failure to comply with the court's provisional order, not a final judgment. *Bahre* is inapposite.[3]

■ Recently our supreme court has stated generally that, because obligations to pay money may be enforced through execution, contempt is unavailable to enforce money judgments. *See Cowart v. White*, 711 N.E.2d 523, 531 (Ind.1999), *reh'g granted*, 716 N.E.2d 401 (Ind.1999); *Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind. 1993).[4] But a provisional order for the payment of attorney's fees is not a money judgment. A provisional order is made before the final hearing on the merits. *See Hudson v. Tyson*, 178 Ind.App. 376, 379–80, 383 N.E.2d 66, 69 (1978). A final money judgment, on the other hand, represents the ultimate determination of the court on the matter. *See Hudson*, 178 Ind.App. at 380, 383 N.E.2d at 69.

■ A money judgment is entered on the judgment docket and constitutes a lien on the judgment debtor's property.[5] For a money judgment to constitute a lien, it must ordinarily be a final judgment for the payment of a definite and certain

---

3. In general, a provisional order terminates when the final decree is entered, subject to right of appeal, or when the petition for dissolution or legal separation is dismissed. IND. CODE § 31–15–4–14. This means that a provisional order is merged and extinguished in the final decree. *See Dillon*, 696 N.E.2d at 87 (order setting temporary spousal or child support "merges" into final dissolution decree). Nevertheless, an obligation accrued prior to the final decree survives. *See Crowley*, 708 N.E.2d at 57 (trial court authorized to order payment of arrearages accumulated prior to entry of decree under provisional order); *see also DeMoss v. DeMoss*, 453 N.E.2d 1022, 1025 (Ind.Ct.App.1983) (husband liable for support payments since *pendente lite* order was neither revoked nor modified prior to entry of final decree).

4. But contempt is available to enforce an order for child support, at least in respect of unemancipated children, even if reduced to a money judgment. *Pettit*, 626 N.E.2d at 447. A final decree that requires a spouse to pay maintenance is also enforceable by contempt.

*Thompson v. Thompson*, 458 N.E.2d 298 (Ind. Ct.App.1984). Because we decide the issue on other grounds, we need not consider whether the attorney's fees ordered in this case are in the nature of maintenance or support and, thus, enforceable by contempt on that basis. *See Cowart*, 711 N.E.2d at 530 (trial court has discretion to award attorney's fees as maintenance and obligation to pay attorney's fees may be nondischargeable in bankruptcy if in nature of maintenance or support); *see also Howard v. Moore*, 580 N.E.2d 999, 1005–06 (Ind.Ct.App.1991) (obligation to pay attorney's fees related to support orders is nondischargeable in bankruptcy).

5. Indiana Code Section 34–55–9–2 provides in part:

All final judgments for the recovery of money or costs ... constitute a lien upon real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket. . . .

amount of money, which may be collected by execution on property of the judgment debtor.[6] *See Uhrich v. Uhrich,* 173 Ind. App. 133, 135, 362 N.E.2d 1163, 1164 (1977), *overruled on other grounds, Franklin Bank and Trust Co. v. Reed,* 508 N.E.2d 1256 (Ind.1987). A provisional order for the payment of money is unliquidated and unenforceable by execution. *See Kuhn v. Kuhn,* 273 Ind. 67, 70, 402 N.E.2d 989, 990–91 (1980) (citing *Rosenberg v. American Trust & Savings Bank,* 86 Ind.App. 552, 156 N.E. 411 (1927)). Stated otherwise, a provisional order for the payment of attorney's fees is *in fieri* and neither a debt under Article I, Section 22, nor a money judgment.

 In a dissolution of marriage action, the statute allowing the award of attorney's fees is meant to insure equal access to the courts. *See* IND.CODE § 31–15–10–1; *Barnett v. Barnett,* 447 N.E.2d 1172, 1176 (Ind.Ct.App.1983). Specifically, preliminary attorney's fees awarded *pendente lite* are awarded to insure that a party receiving the benefit is able to prepare an efficient case and have a fair and impartial trial. *Id.; see Welling,* 257 Ind. at 133, 272 N.E.2d at 605. The need for preliminary attorney's fees, the amount to be allowed and the ability of a party to pay are matters left to the discretion of the trial court. *See Welling,* 257 Ind. at 133, 272 N.E.2d at 605. Here, upon entering the order, the dissolution court necessarily determined that Husband had the money, means or credit with which to pay the fees. The court then found that Husband had failed and refused to pay the preliminary attorney's fees without excuse or justification. Therefore, the court's use of its contempt power to enforce compliance with its provisional order was appropriate. *See id.* at 134, 272 N.E.2d at 606 ("Having been found by this court to be interlocutory, [orders relating to payment for past sup-

port and attorney expenses] are enforceable by contempt proceedings.").

A contempt citation to enforce payment of court-ordered preliminary attorney's fees is not proscribed by Article I, Section 22 of the Indiana Constitution. Because the dissolution court retains continuing jurisdiction and supervision over its orders, the court's use of its contempt power to coerce payment of the $350.00 attorney fee award was warranted. Therefore, we affirm the dissolution court's judgment of contempt.

Once a party has properly been found in contempt, monetary damages may be awarded to compensate the other party for injuries incurred as a result of the contempt. *Cowart,* 711 N.E.2d at 532. Here, the dissolution court awarded Wife $250.00 to compensate her for attorney's fees resulting from Husband's contempt. As such, the court properly exercised its authority to compensate an aggrieved party. *See Crowl v. Berryhill,* 678 N.E.2d 828, 832 (Ind.Ct.App.1997). We also affirm that award.

Affirmed.

ROBB, J., and BROOK, J., concur.

---

**6.** Indiana Trial Rule 69(A) provides in part: Process to enforce a judgment or a decree for the payment of money shall be by writ of execution, unless the court directs otherwise and except as provided herein.