**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SYLVIA BROWN HOUSE**
South Bend, Indiana

ATTORNEY FOR APPELLEE:

**PHILIP R. SKODINSKI**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: PATERNITY OF B.B., | ) | |
| | ) | |
| M.B., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1208-JP-447 |
| | ) | |
| Y.M.M., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Harold E. Brueseke, Magistrate
Cause No. 71J01-0905-JP-499

**July 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant M.B. ("Father") and Appellee Y.M.M. ("Mother") are the parents of B.B. ("the Child"). Since the issuance of an order establishing Father's paternity of the Child, Mother and Father have each requested several times that the juvenile court find the other in contempt of various court orders, including orders regarding the payment of certain medical and childcare expenses and visitation. This appeal stems from each parent's latest request for the court to find the other in contempt. The juvenile court conducted a hearing on these requests after which it determined that Father was in contempt of a court order but that Mother was not. On appeal, Father claims that the evidence is insufficient to sustain the juvenile court's determination that he is in contempt of an existing court order. Father also claims that the juvenile court abused its discretion in determining that Mother was not in contempt. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Mother and Father are the parents of the Child. On November 20, 2009, the juvenile court issued an order establishing Father's paternity of the child ("the Order"). Pursuant to the terms of the Order, Mother was granted primary physical custody, and Mother and Father were granted joint legal custody. The Order established that Father would pay child support and receive parenting time pursuant to the Indiana Parenting Time Guidelines. The Order included childcare expenses as a form of support and further established that Mother and Father would equally share these expenses. Father was subsequently ordered to pay half of certain birthing and medical expenses.

On or about July 5, 2012, Mother filed a request that Father be found in contempt of a prior court order for failing to pay certain medical and childcare expenses. On or about July 24, 2012, Father filed a request that Mother be found in contempt of a prior court order for failing to allow Father to exercise visitation with the child pursuant to the terms of the Indiana Parenting Time Guidelines. The juvenile court scheduled a hearing on these requests for August 1, 2012.

On August 1, 2012, both parties appeared before the juvenile court and presented testimony in support of their respective requests. At the conclusion of the hearing, the juvenile court found that Father was in contempt for failing to pay certain childcare expenses. After finding Father in contempt, the juvenile court imposed a ninety-day sentence. The juvenile court suspended the entire ninety-day sentence so long as Father made weekly payments in the amount of $20.00 towards the satisfaction of his debt. The juvenile court also determined that Mother was not in contempt of any court order regarding visitation. Father now appeals.

## DISCUSSION AND DECISION

The instant appeal stems from the juvenile court's determination that Father was in contempt of a previous court order, but that Mother was not.

> Whether a party is in contempt is a matter left to the sound discretion of the trial court, and we reverse the trial court's finding of contempt only if it is against the logic and effect of the evidence before it or is contrary to law. Indirect contempt arises from matters not occurring in the presence of the court but which obstruct or defeat the administration of justice, such as failure or refusal of a party to obey a court order. The primary objective of a civil contempt proceeding is not to punish but to coerce action for the benefit of the

3

aggrieved party. Thus, any type of remedy in a civil contempt proceeding must
be coercive or remedial in nature.

*Mosser v. Mosser*, 729 N.E.2d 197, 199-200 (Ind. Ct. App. 2000) (internal citations omitted).

"When we review a contempt order, we neither reweigh the evidence nor judge the

credibility of the witnesses." *Marks v. Tolliver*, 839 N.E.2d 703, 707 (Ind. Ct. App. 2005).

## I. Father

Father contends that the juvenile court abused its discretion in finding him in contempt

because the evidence presented during the August 1, 2012 hearing was insufficient to support

the contempt determination.[1] Generally, a finding that one is in contempt of a court order is

not appropriate unless the parent has the ability to pay the amount due and his failure to do so

was willful. *Pettit v. Pettit*, 626 N.E.2d 444, 448 (Ind. 1993). In the instant matter, Father

acknowledged during the August 1, 2012 hearing that he was employed, well-educated, and

physically capable of working. Father presented testimony that he had a substantial amount

of debt and, as a result, could not afford to pay or make payments on the amount owed for

childcare expenses. However, when questioned about his debt, Father admitted that he, with

the assistance of a debt management service, had begun making progress in satisfying some

of his debts. Father also acknowledged that he had previously worked a second part-time job

to help cover his expenses and debts and did not provide any reason why he could not do the

same at the present time or in the future. In addition, the juvenile court heard testimony from

---

[1] We note that while an individual generally cannot be found in contempt for failure to pay a monetary judgment, the Indiana Supreme Court has held that a parent can be found in contempt for failure to pay expenses relating to child support. *See Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind. 1993). Here, Father appears to acknowledge that the funds owed related to child support and, as such, does not argue that the juvenile court erred in finding him in contempt for failure to pay a monetary judgment.

4

Mother that Father had previously stated that he refused to pay his portion of back childcare expenses, stating that "he's not going to pay it." Tr. p. 73.

The evidence is sufficient to support the juvenile court's determination that Father was capable of making payments toward the childcare expenses owed and that his failure to do so was willful. Father's claim to the contrary effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Marks*, 839 N.E.2d at 707. Furthermore, to the extent that Father claims that he was not given a meaningful opportunity to be heard during the August 1, 2012 hearing, we note that the record demonstrates that the juvenile court provided Father with ample opportunity to present testimony regarding his claimed inability and willingness to pay.

## II. Mother

Father also contends that the juvenile court abused its discretion in failing to find Mother in contempt of an existing court order. Specifically, Father claims that "[t]here is sufficient evidence in the record that shows that Mother continuously refused to communicate with Father about B.B. and had interfered with parenting time." Appellant's Br. p. 8. The record demonstrates that Mother was required to grant Father visitation with the child pursuant to the requirements of the Indiana Parenting Time Guidelines. The record further demonstrates that Mother met these requirements. As such, we conclude that the juvenile court acted within its discretion in determining that Mother was not in contempt of any existing court order.

The judgment of the juvenile court is affirmed.

RILEY, J., and BROWN, J., concur.