**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 30 2014, 7:26 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LINDSEY A. GROSSNICKLE**
Bloom Gates & Whiteleather, LLP
Columbia City, Indiana

ATTORNEY FOR APPELLEE:

**KEVIN L. LIKES**
Likes Law Office
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF:<br>MICHELLE SCHLOTTERBACK and<br>TERRY SCHLOTTERBACK, | ) ) ) | |
| | ) | |
| TERRY SCHLOTTERBACK, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 57A05-1306-DR-321 |
| MICHELLE SCHLOTTERBACK, | ) ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1109-DR-182

**May 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

In this dissolution action, Terry Schlotterback appeals the denial of his Motion to Correct Error relating to the division of the estate amassed during his marriage to Michelle Schlotterback, as well as the grant of Michelle's Motion to Correct Error relating to the uninsured medical expenses of the parties' children.  Terry argues on appeal:

1. His $161,820 property equalization payment fulfilled all distribution requirements in the dissolution decree; and

2. The dissolution decree stated child support would commence on July 27, 2012, and he should not have been required to pay medical expenses incurred before that date.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

The Schlotterbacks were married in 1990.  Michelle filed for dissolution of marriage in September 2011.  The parties entered into a provisional agreement that Michelle would pay the first $1,391.52 per calendar year of uninsured medical expenses incurred for the parties' three minor children.  Expenses in excess of $1,391.52 were to be divided between the parties, with Michelle paying 14% and Terry paying 86%.

The net marital estate was $424,297.  The trial court awarded the following property, with a total value of $373,968, to Terry:  1) the parties' residence with a value of $280,000; 2) 50% of Terry's Great American Life and Annuity account with a value of $31,043; 3) fifty percent of Terry's American Funds account with a value of $22,816; and 4) one-hundred percent of Terry's American United Life Insurance account with a value of $27,445.  The trial court awarded the following property, with a total value of $50,328 to Michelle:  1) the

2

remaining fifty percent of Terry's Great American Life and Annuity Account with a value of $31,043.00; and 2) the remaining fifty percent of Terry's American Funds account with a value of $22,816.00. The trial court also ordered Michelle to pay approximately $37,000 in debt.

To equalize the property settlement, the trial court ordered Terry to pay Michelle a $161,820 property equalization judgment. Terry was to pay $81,304 from the following funds listed in his share of the distribution of the net marital estate: $31,043 from his Great American Life and Annuity Account, $22,816 from his American Funds account, and $27,445 from his American United Life Insurance Account. The remaining balance of the equalization payment was $80,516.

The final decree divided the uninsured medical expenses in a manner identical to the provisional agreement. Michelle was to pay the first $1,391.52 per calendar year of uninsured medical expenses incurred for the parties' minor children. All such expenses in excess of $1,391.52 were to be divided between the parties, with Michelle paying 14% and Terry paying 86%.

On September 18, 2012, Terry's counsel sent Michelle's counsel two checks totaling $107,961: the $27,445 payment from Terry's American United Life account, and the $80,516 equalization payment balance. Terry also filed with the trial court a Qualified Domestic Relations Order for the $31,043 Great American Life and Annuity payment and an IRA Divorce Transfer Request for the $22,816 American Funds payment. Together, these payments and documents satisfied the $161,820 equalization judgment. On November 1,

3

2012, Michelle signed a Release of Judgment verifying that Terry had satisfied that judgment.

On November 26, 2012, Michelle filed a Motion to Enforce Court Order regarding the uninsured medical expenses of the parties' minor children. Specifically, Michelle asked the trial court to order Terry to pay her $4,167.65 for these expenses. Michelle attached an exhibit that listed $6,237.62 in uninsured medical expenses for the children through November 14, 2012. Michelle subtracted her $1,391.53 required payment, which left a balance of $4,846.10. Michelle multiplied this balance by Terry's 86% obligation, which left the $4,167.65 balance that Michelle requested Terry pay. Terry filed a motion to dismiss Michelle's motion on the ground he should not have to pay medical bills incurred prior to the July 27, 2012, final decree because the court specifically ordered payment of the uninsured medical expenses was to begin on July 27, 2012.

In February 2013, Michelle filed a Motion to Enforce Court Order regarding the parties' property distribution. She argued Terry still owed her $54,859, which included $31,043 from the Great American Life and Annuity account and $22,816 from the American Funds account.

The trial court held a hearing on Michelle's two motions to enforce and Terry's motion to dismiss. Regarding the motion to enforce the property distribution, Michelle argued Terry had not, as required by the dissolution decree, signed over to her the $31,043 from his Great American Life and Annuity account and the $22,816 from his American Funds account. She noted Terry had paid her the amounts required from these two accounts

4

for the property equalization judgment, but he had never completed the transfers required by the court-ordered property distribution.

On April 23, 2013, the trial court granted Michelle's motion regarding the payment of the property distribution, but denied the motion regarding the payment of uninsured medical expenses. The trial court explained that because Michelle had presented no evidence of the uninsured medical expenses at the final hearing, she had waived the issue. On May 14, 2013, both Terry and Michelle filed Motions to Correct Error. Michelle argued $3,302.06 of the uninsured medical expenses had been incurred between the final hearing and the entry of the final order, so those expenses could not have been waived by her failure to present them at the hearing. She asked the trial court to order Terry to reimburse her for his $2,141.69 share of these expenses. The trial court granted Michelle's Motion to Correct Error and ordered Terry to reimburse Michelle $2,141.69 for the medical expenses. The trial court denied Terry's motion to correct error.

## DISCUSSION AND DECISION

We review a ruling on a motion to correct error for abuse of discretion. *Inman v. Inman*, 898 N.E.2d 1281, 1284 (Ind. Ct. App. 2009). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

Terry first argues his $161,820 property equalization payment fulfilled all distribution requirements in the dissolution decree. He is mistaken.

In the initial property distribution, the trial court equally divided Terry's Great

5

American Life and Annuity and American Funds accounts. Each party received $31,043 from the Great American account and $22,816 from the American Funds account. Terry then received the parties' house, which was valued at $280,000. Terry's share of the property eventually reached $424,297. Michelle received no large assets and was ordered to pay $37,000 in debt, which left her with $50,328 in the distribution, including the $31,043 from Terry's Great American account and the $22,816 from his American Funds account.

Because of the discrepancy between Michelle's $50,328 distribution and Terry's $424,297 distribution, the trial court ordered Terry to pay Michelle a $161,820 equalization judgment. The dissolution decree provided Terry was to pay this judgment as follows from his distribution: 1) $31,043 from the Great American Life and Annuity account; 2) $22,816 from his American Funds account; and 3) $27,445 from his American United Life Insurance account. This would be $81,304, and Terry would still owe $80,516. Terry has satisfied the $161,820 equalization judgment; however, he has not, as required by the property division, signed over to Michell the $31,043 from the Great American account and the $22,816 from the American Funds account.

Terry relies on Michelle's Release of Judgment, but his reliance is misplaced. The dissolution decree distinguished between the distribution of the parties' property and the equalization judgment. Trial Rule 67(B) required Michelle to sign a statement of total satisfaction for the equalization judgment, but there is no such requirement for the property division. *See* Ind. Code § 31-15-7-4. The trial court did not err in denying Terry's Motion to Correct Error relating to the distribution of the parties' property.

Terry further argues the trial court abused its discretion in granting Michelle's Motion to Correct Error relating to the uninsured medical expenses of the parties' minor children. He contends the dissolution decree stated child support would commence on July 27, 2012, and he should not have been required to pay medical expenses incurred before that date.

While Terry is correct that a provisional order is merged into a final order, this does not mean the obligations that arose under the provisional order disappear when the final decree is entered. *Mosser v. Mosser*, 729 N.E.2d 197, 200 n.3 (Ind. Ct. App. 2000). The trial court granted Michelle's motion to correct error because $3,302.06 of the expenses were incurred between the final hearing and the entry of the final decree, so she could not have presented evidence of those expenses as the final hearing. We see no abuse of discretion in the order Terry was to pay the medical expenses incurred by his children.[1]

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

[1] Although Michelle challenges the amount of the reimbursement, the trial court awarded her the $2,141.69 she requested in her Motion to Correct Errors. (Appellant's App. 42.) We find no error.